RECEIPT # 51605
AMOUNT $ 150.00
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. Kim Abard
DATE 11/24/03

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

PAULA O'ROURKE,

    Plaintiff,

v.

INTEGRATED DISABILITY
RESOURCES, GREAT WEST, FIRST
ALLMERICA FINANCIAL LIFE
INSURANCE COMPANY,
    Defendants.

CIVIL ACTION
NO.

**03-12365PBS**

MAGISTRATE JUDGE Bowler

## COMPLAINT and JURY DEMAND

### Nature of Action

Plaintiff brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. sections 1001 et seq. as amended, and further 29 U.S.C. section 1132 (a)(1)(B) to recover damages for defendant's breach of a long term disability policy purchased and provided as a benefit of the plaintiff's employment by her former employer.

### Claims

1. Plaintiff Paula O'Rourke is an individual residing at 11 Evelyn Road, Holbrook, Massachusetts, 02343.

2. Defendant Great West is a duly organized corporation with a usual place of business at 440 Lincoln Street, Worcester, Massachusetts, 01653. Great West is the successor in interest to part of First Allmerica Financial Life Insurance Co.

("Allmerica"), a duly organized corporation with a usual place of business at 440 Lincoln Street, Worcester, MA 01653. Allmerica was previously known as State Mutual Life Assurance Company, before changing its name to Allmerica.

3. Integrated Disability Resources, Inc. ("I.D.R.") is the claims advisory agent for Great West and Allmerica, with a usual place of business at 8 Ashley Drive, Scarborough, Maine, 04074.

4. Ms. O'Rourke commenced working for Jordan's Furniture November 1, 1989. During the course of her employment, Ms. O'Rourke's employer purchased a disability policy for the benefit of its employees ("the Policy"). A copy of the policy is attached hereto as Exhibit A. At all relevant times, Ms. O'Rourke was an eligible beneficiary of the Policy.

5. On June 6, 2000, Ms. O'Rourke stopped working upon the advice of her doctor after seeking treatment for a herniated disk, back pain, Fibromyalgia, and lumbar disk disease. Pursuant to the policy, in June of 2000 Ms. O'Rourke, through Jordan's Furniture, applied to Allmerica for disability benefits.

6. Allmerica approved her claim and immediately began paying her disability benefits.

7. Although all of Ms. O'Rourke's doctors continued to support Ms. O'Rourke's claim of total disability, at I.D.R.'s, request an Independent Medical Evaluation (I.M.E.) was completed on August 27, 2002 in which it was determined that Ms. O'Rourke was no longer eligible to receive disability benefits. The examining physician stated that Ms. O'Rourke could return to work as long as she could

alternate sitting and standing every 20 to 30 minutes and was allowed to lie down two to three times during the day, while at work.

8. By letter dated December 6, 2002, I.D.R. advised Ms. O'Rourke that her benefits had been discontinued. In this letter, it was stated that a copy of the independent evaluation was sent to Dr. Fitzgerald, (Ms. O'Rourke's rheumatologist) for her review and that Dr. Fitzgerald agreed that Ms. O'Rourke could return to work in a sedentary occupation. Dr. Fitzgerald denies making this statement and by letter dated May 19, 2003 expressly maintains that Ms. O'Rourke may not return to work. In addition, every one of Ms. O'Rourke's treating physicians opine that she is unable to work in any capacity given her lumbar disk disease, herniation, degenerative joint disease, Fibromyalgia, depression, chronic pain, and pain medication.

9. After receiving the notice of termination of benefits, Ms. O'Rourke appealed and provided additional information to I.D.R. including letters from all of her treating physicians, proof of pain medication which includes 40 milligrams a day of Oxycontin among others, and pointed out that Dr. Fitzgerald did not agree with the I.M.E.

10. On August 6, 2003 I.D.R. informed Ms. O'Rourke that they were requesting a peer review by an Independent Medical Consultant, extending the time period in which to decide the appeal. This review did not include a physical examination of Ms. O'Rourke, and did not take into account new and stronger medications that she is required to take for her medical condition.

11. By letter, dated September 22, 2003, I.D.R. informed Ms. O'Rourke that they were upholding their decision to terminate her benefits and that she had exhausted her right to administrative review. This termination was in bad faith, unreasonable, not supported by substantial evidence, and a breach of the terms of Ms. O'Rourke's disability policy.

12. The terms of Ms. O'Rourke's policy do not give the claims administrator discretionary authority to determine eligibility for benefits or construe the terms of the plan. Thus, review of the policy will be de novo.

13. The aforesaid actions by I.D.R. as claims advisory agent for Allmerica denied Ms. O'Rourke her rights and benefits under the Policy. As a direct and proximate result of the actions of Allmerica, Ms. O'Rourke has suffered damages, including attorney's fees.

WHEREFORE, the plaintiff prays for the following relief:

1. That the Court enter judgment against the defendant awarding the plaintiff retroactive and present disability benefits together with prejudgment interest, or an amount deemed just by this Court of law;

2. That the Court award plaintiff her attorneys' fees, court costs and all other reasonable costs incurred; and

3. That the Court grant such other and further relief as it may deem just and proper.

**JURY DEMAND**

Plaintiff requests a trial by jury on all issues so triable.

Respectfully Submitted,

PAULA O'ROURKE

By her attorneys,

*[signature]*

Nancy L. Hall  BBO#
The Hall Law Office
102 State Street, Suite F
Newburyport, MA  01950
(978) 499-7111