UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PAULA O'ROURKE,
  Plaintiff

V.

INTEGRATED DISABILITY RESOURCES,
GREAT WEST, and FIRST ALLMERICA
FINANCIAL LIFE INSURANCE
COMPANY,
  Defendants

CIVIL ACTION NO. 03-12365-PBS

## ANSWER OF INTEGRATED DISABILITY RESOURCES, INC., GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY, AND FIRST ALLMERICA FINANCIAL LIFE INSURANCE COMPANY

1. The defendants admit that Paula O'Rourke is an individual, but lack sufficient information to admit or deny the remaining allegations of paragraph 1.

2. The defendants admit that Great-West Life & Annuity Insurance Company ("Great-West Life"), improperly named as Great West, is a duly organized corporation. The defendants deny that Great-West Life was the successor in interest to the disability coverage that was provided by First Allmerica Financial Life Insurance Company ("Allmerica") under the Jordan's Furniture long-term disability plan. The defendants admit that Allmerica is a duly organized corporation with a principal office at 440 Lincoln Street, Worcester, Massachusetts 01605. The defendants admit that in 1995, State Mutual Life Assurance Company changed its name to First Allmerica Financial Life Insurance Company. The defendants deny the remaining allegations of paragraph 2.

{H:\PA\Lit\19194\00001\A0681736.DOC}

3. The defendants admit that Integrated Disability Resources, Inc. ("I.D.R.") is the claims advisory agent for Great-West Life and Allmerica. The defendants deny the remaining allegations of paragraph 3.

4. The defendants admit that Ms. O'Rourke was employed by Jordan's Furniture and that Jordan's Furniture funded its long-term disability plan through the purchase of a disability policy from State Mutual Life Assurance Company of America. The defendants also admit Ms. O'Rourke was a participant and beneficiary of the disability plan. The defendants deny the remaining allegations of paragraph 4.

5. The defendants admit that Ms. O'Rourke stopped working on or about June 16, 2000 and that she subsequently applied for benefits under Jordan's Furniture's long-term disability plan. The defendants deny the remaining allegations of paragraph 5.

6. The defendants admit that for the period of September 15, 2000 through December 6, 2002 long-term disability benefits were paid to Ms. O'Rourke. The defendants deny the remaining allegations of paragraph 6.

7. The defendants admit that an independent medical evaluation was performed on Ms. O'Rourke in August 2002. The defendants state that the report from that evaluation is a written document which speaks for itself as to its terms. The defendants deny the remaining allegations of paragraph 7.

8. The defendants admit that I.D.R., on behalf of Allmerica, sent a letter dated December 6, 2002 to Ms. O'Rourke. Further answering, the defendants state that the letter is a written document which speaks for itself as to its terms. The defendants also admit that Dr. Fitzgerald issued a letter dated May 16, 2003. This letter is also a written document which speaks for itself as to its terms. The defendants deny the remaining allegations of paragraph 8.

9. The defendants admit that Ms. O'Rourke appealed the determination that she was no longer qualified for long-term disability benefits and provided additional information in support of her claim. The defendants deny the remaining allegations of paragraph 9.

10. The defendants admit that I.D.R., on behalf of Allmerica, sent a letter dated August 6, 2003 to Ms. O'Rourke's attorney, Nancy Hall. That letter is a written document which speaks for itself as to its terms. The defendants also admit that the peer review did not include another physical examination. The defendants deny the remaining allegations of paragraph 10.

11. The defendants admit that by letter dated September 12, 2003, Ms. O'Rourke was informed that the decision determining that Ms. O'Rourke was no longer eligible for long-term disability benefits was upheld after administrative review. The defendants deny the remaining allegations of paragraph 11.

12. The allegations of paragraph 12 state legal contentions to which no answer is required.

13. The defendants deny the allegations of paragraph 13.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Great-West Life is not an appropriate party-defendant in this case.

### THIRD AFFIRMATIVE DEFENSE

I.D.R. is not an appropriate party-defendant in this case.

### FOURTH AFFIRMATIVE DEFENSE

No benefits are due to the plaintiff since she is not disabled as defined by the Policy.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the terms and conditions of the Policy.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff has failed to comply with all conditions precedent and necessary to receive benefits under the terms of the Policy.

### SEVENTH AFFIRMATIVE DEFENSE

Allmerica fairly evaluated the plaintiff's claim for disability benefits and at all times acted in good faith in evaluating the plaintiff's claim for disability benefits.

### EIGHTH AFFIRMATIVE DEFENSE

The decision rendered by Allmerica on the plaintiff's request for benefits was fair and reasonable in light of the information provided to the defendants.

### NINTH AFFIRMATIVE DEFENSE

Allmerica states that if it ever owed any benefits to the plaintiff, such benefits have been paid, and no further benefits are owed to the plaintiff.

### TENTH AFFIRMATIVE DEFENSE

The benefits paid to the plaintiff must be reduced by all Social Security disability benefits she receives and has received.

### ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are governed by ERISA, 29 U.S.C. sec. 1001 et seq.

### TWELFTH AFFIRMATIVE DEFENSE

Any common law or state law claims are preempted by ERISA.

### THIRTEENTH AFFIRMATIVE DEFENSE

Allmerica's decision on the plaintiff's claim for benefits was not arbitrary and capricious.

### FOURTEENTH AFFIRMATIVE DEFENSE

Allmerica did not carry out its duties in an arbitrary and capricious manner.

### FIFTEENTH AFFIRMATIVE DEFENSE

The plaintiff is not entitled to any extra-contractual damages under ERISA.

### SIXTEENTH AFFIRMATIVE DEFENSE

The plaintiff is not entitled to any "civil penalties" or any penalty whatsoever under ERISA.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The plaintiff is not entitled to receive future benefits in a lump sum under ERISA.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Under ERISA, this Court is not permitted to make an award of future benefits.

### NINETEENTH AFFIRMATIVE DEFENSE

The plaintiff has not made the requisite showing to be entitled to an award of attorneys fees.

### TWENTIETH AFFIRMATIVE DEFENSE

ERISA does not provide the plaintiff with the right to a jury trial and the plaintiff's claim for a jury trial should be stricken by the Court.

WHEREFORE, the defendants, Integrated Disability Resources, Inc., Great-West Life & Annuity Insurance Company, and First Allmerica Financial Life Insurance Company, demand that the plaintiff's Complaint be dismissed and that judgment thereon be entered in favor of the defendants.

## COUNTERCLAIM

1. The plaintiff in counterclaim, First Allmerica Financial Life Insurance Company ("Allmerica"), is a duly organized corporation with a principal office at 440 Lincoln Street, Worcester, Massachusetts 01605.

2. The defendant in counterclaim, Paula O'Rourke ("Ms. O'Rourke"), is an individual who resides in Massachusetts.

3. Integrated Disability Resources, Inc. ("I.D.R.") is the claims advisory agent for Allmerica.

4. Beginning on September 15, 2000, Ms. O'Rourke received disability income payments from Allmerica under a disability insurance policy which funded the group long-term disability plan (the "Plan") Ms. O'Rourke's employer, Jordan's Furniture, provided to its employees.

5. The Plan requires that the beneficiary apply for any other income benefits which may be available, including any other disability benefits to which she is eligible. The Plan provides that any disability benefits will be reduced by the other income benefits received on account of the disability, including Social Security benefits. The Plan provides that if benefits overlap, Allmerica will inform the beneficiary of any overpayment of the claim and the beneficiary must immediately repay Allmerica the amount of the overpayment.

6. On or about January 27, 2002, the Social Security Administration determined that Ms. O'Rourke was eligible for Social Security Disability benefits in the amount of $1,006 per month, and that her first month of entitlement to benefits was December 2000.

7. As a result of the Social Security Disability benefits award, Allmerica determined that it had overpaid Ms. O'Rourke $18,078. Allmerica requested that Ms. O'Rourke repay the overpayment in accordance with the terms of the policy.

8. Allmerica made several attempts to obtain reimbursement from Ms. O'Rourke.

9. By letter dated August 13, 2002, counsel for Ms. O'Rourke informed Allmerica, through I.D.R., that Ms. O'Rourke was unable to pay the $18,078 overpayment and requested that her monthly disability benefits be held until the overpayment was reached.

10. By letter dated December 6, 2002, I.D.R., on behalf of Allmerica, informed Ms. O'Rourke that her disability benefits were terminated as her current medical condition did not meet the requirements of the policy.

11. By letter dated December 9, 2002, I.D.R., on behalf of Allmerica, requested payment in full of the outstanding overpayment balance of $13,859.66, which Ms. O'Rourke continues to owe Allmerica as a result of the Social Security Disability benefit payment to her.

12. I.D.R., on behalf of Allmerica, repeatedly demanded that Ms. O'Rourke repay the $13859.66 in overpayments that Allmerica had made to her as a result of the Social Security Disability benefit payment to her. Ms. O'Rourke has failed to make the requested repayment.

13. Ms. O'Rourke has violated the terms of the Plan by failing to repay Allmerica the remaining $13,859.66 overpayment made to her under the Plan.

WHEREFORE, First Allmerica Financial Life Insurance Company requests that this Court enter judgment in its favor in the amount of $13,859.66 plus interest and costs.

INTEGRATED DISABILITY RESOURCES, INC., GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY, and FIRST ALLMERICA FINANCIAL LIFE INSURANCE COMPANY

By their attorneys,

*Elizabeth Greene*
Joseph M. Hamilton, BBO #546394
Elizabeth L. B. Greene, BBO #561456
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:   (508) 791-8502

Dated: 1/29/04

### CERTIFICATE OF SERVICE

I, Elizabeth L. B. Greene, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Nancy L. Hall, Esq., at The Hall Law Office, 102 State Street, Suite F, Newburyport, MA 01950.

*Elizabeth Greene*
Elizabeth L. B. Greene

Dated: 1/29/04



# MIRICK O'CONNELL
### ATTORNEYS AT LAW
MIRICK, O'CONNELL, DEMALLIE & LOUGEE, LLP

January 27, 2004

Clerk of Court
United States District Court
One Courthouse Way
Suite 2300
Boston, MA 02210

Re: Paula O'Rourke v. Integrated Disability Resources, Inc., et al
Civil Action No. 03-12365-PBS

Dear Sir/Madam:

Enclosed for filing in the above referenced matter is the Answer of Integrated Disability Resources, Inc., Great-West Life & Annuity Insurance Company, and First Allmerica Financial Life Insurance Company to Plaintiff's First Amended Complaint.

If you have any questions, please call. Thank you for your attention to this matter.

Very truly yours,

Elizabeth L. B. Greene

EBG/clle
Enclosure

cc: Nancy L. Hall, Esq.



WESTBOROUGH, MA
508-898-1501 • FAX 508-898-1502

100 FRONT STREET
WORCESTER, MA 01608-1477
508-791-8500 • FAX 508-791-8502

BOSTON, MA
617-261-2417 • FAX 617-261-2418

{H:\PA\Lit\19194\00001\A0686953.DOC}

www.MirickOConnell.com