UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PAULA O'ROURKE,
Plaintiff

v.

Civil Action No. 03-12365-PBS

INTEGRATED DISABILITY RESOURCES,
GREAT- WEST LIFE & ANNUITY
INSURANCE COMPANY, and FIRST
ALLMERICA FINANCIAL LIFE
INSURANCE COMPANY,
Defendants

### ANSWER OF PLAINTIFF, PAULA O'ROURKE TO DEFENDANTS' COUNTERCLAIM

1. It is the defendant in counterclaim's understanding that First Allmerica Financial Life Insurance Company ("Allmerica") is a duly organized corporation with a principal office at 440 Lincoln Street, Worcester, Massachusetts, 01650.

2. The defendant in counterclaim admits that Paula O'Rourke is an individual who resides in Massachusetts.

3. It is the defendant in counterclaim's understanding that I.D.R. is the claims advisory agent for Allmerica.

4. The defendant in counterclaim admits that she began receiving disability income payments from Allmerica in September of 2000 under a disability insurance policy which funded the group long-term disability plan that Jordan's furniture, Ms. O'Rourke's employer, provided to its employees.

5. The defendant in counterclaim admits that the Plan provides that any disability benefits will be reduced by other income benefits received on account of the disability, including Social Security benefits. The defendant in counterclaim denies the remaining allegations of paragraph 5.

6. The defendant in counterclaim admits that the Social Security Administration determined she was eligible for Social Security Disability benefits of a certain amount per month and that her first month of entitlement was December of 2000.

7. The defendant in counterclaim admits that Allmerica determined that it had overpaid Ms. O'Rourke $18,078. The defendant in counterclaim denies the remaining allegations of paragraph 7.

8. The defendant in counterclaim admits that Allmerica notified her by letter of an overpayment.

9. The defendant in counterclaim admits that a letter was sent by her attorney to I.D.R. on August 8, 2002. The letter speaks for itself.

10. The defendant in counterclaim admits that Allmerica informed Ms. O'Rourke on December 6, 2002 that her disability benefits were discontinued because Allmerica had determined that her medical condition did not meet the requirements of the policy.

11. The defendant in counterclaim admits that Allmerica requested payment of $13,859.66. The defendant in counterclaim denies the remaining allegations of paragraph 11.

12. The defendant in counterclaim admits that I.D.R. demanded $13,859.66 after discontinuing Ms. O'Rourke's disability benefits. The defendant admits that she requested withholding of the monthly benefits pursuant to the terms of the policy.

13. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The defendant in counterclaim complied with all conditions precedent and necessary to receive benefits under the terms of the policy.

### SECOND AFFIRMATIVE DEFENSE

The termination of Ms. O'Rourke's long-term disability benefits in December of 2000 was in bad faith, unreasonable, not supported by substantial evidence, arbitrary and capricious, and was a breach of the terms of Ms. O'Rourke's disability policy.

### THIRD AFFIRMATIVE DEFENSE

Because Allmerica terminated Ms. O'Rourke's benefits in violation of the terms of the plan, Allmerica breached their contract with the defendant in counterclaim, thereby waiving all rights to recovery under the contract.

### FOURTH AFFIRMATIVE DEFENSE

Ms. O'Rourke was never in breach of the terms of the contract because she was repaying the Social Security overpayment via the terms of the policy.

### FIFTH AFFIRMATIVE DEFENSE

The defendant in counterclaim did not breach her contract with Allmerica under the terms of the plan, as her disability payments were being withheld by Allmerica to satisfy the outstanding balance as allowed by the plan.

### SIXTH AFFIRMATIVE DEFENSE

If any sum is due, the amount owed by the defendant to Allmerica in this counterclaim has been improperly computed.

WHEREFORE, the defendant in counterclaim, Paula O'Rourke demands that the plaintiff's Counterclaim be dismissed and that judgment thereon be entered in favor of the defendant.

Respectfully submitted,
PAULA O'ROURKE
By her attorney,

_Nancy Hall_
Nancy L. Hall
BBO No. 561470
The Hall Law Office
102 State Street
Newburyport, MA 01950
Phone: (978) 499-7111
Fax: (978) 499-7177

Dated: 2/5/04

## CERTIFICATE OF SERVICE

I, Nancy L. Hall, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Elizabeth L. Greene, Esq., at Mirick, O'Connell, DeMallie & Lougee, LLP, 100 Front Street, Worcester, MA 01608-1477.

_____
Nancy L. Hall

Dated: 2/5/04