UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAULA O'ROURKE,<br>    Plaintiff<br><br>V.<br><br>FIRST ALLMERICA FINANCIAL LIFE<br>INSURANCE COMPANY,<br>    Defendant | CIVIL ACTION NO. 03-12365-PBS |

**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1**

Pursuant to Local Rule 16.1, the defendant, First Allmerica Financial Life Insurance Company, and the plaintiff, Paula O'Rourke, hereby file this joint statement.[1]

This is an ERISA case. The plaintiff seeks to recover long-term disability benefits pursuant to a group policy issued by State Mutual Life Assurance Company to the plaintiff's employer as part of its employee welfare benefit plan. In 1995, State Mutual Life Assurance Company changed its name to First Allmerica Financial Life Insurance Company ("Allmerica").

Allmerica paid long-term disability benefits to the plaintiff from September 15, 2000 through December 6, 2002. Allmerica has denied the plaintiff's claim for long-term disability benefits beyond December 6, 2002.

In January 2002, the Social Security Administration awarded Ms. O'Rourke Social Security Disability benefits retroactive to December 2000. As a result of the Social Security Disability benefits award, Allmerica determined that it had overpaid Ms. O'Rourke. Allmerica asserts that in December 2002, Ms. O'Rourke had an outstanding overpayment balance of

---

[1] The parties have filed a stipulation of dismissal with prejudice as to the plaintiff's claims against Integrated Disability Resources and Great West. Therefore, they do not join in this joint statement.

$13,859.66. Ms. O'Rourke denies the sum computed and the obligation to repay in a lump sum. Allmerica has filed a counterclaim against Ms. O'Rourke to recover the outstanding overpayment balance pursuant to the terms of the Plan.

It is Allmerica's position that because this case is governed by ERISA, the Court's judicial review of the claim administrator's decision shall be based on the administrative record alone. Ms. O'Rourke contends that benefit plan does not give the administrator discretionary authority to determine benefit eligibility and therefore the denial should be reviewed under a de novo standard entitling the plaintiff to perform discovery.

## PROPOSED PRETRIAL SCHEDULE

The parties disagree as to whether there should be discovery. If discovery is not allowed, then the parties propose the following pretrial schedule:

- Motions to join additional parties and to amend the pleadings must be filed by April 30, 2004.
- Summary Judgment motions filed by July 31, 2004.

If discovery is allowed the plaintiff proposes the following pretrial schedule:

- Discovery shall be completed within 90 days or by June 30, 2004.
- Motions to join additional parties and to amend pleadings shall be filed by June 30, 2004 or when discovery closes.
- Summary Judgment motions shall be filed by August 30, 2004.

## TRIAL BY MAGISTRATE

Neither party consents to referral to the Magistrate Judge.

## CERTIFICATION

The parties' certifications are filed simultaneously.

| | |
|---|---|
| PAULA O'ROURKE | FIRST ALLMERICA FINANCIAL LIFE INSURANCE COMPANY |
| By her attorney, | By its attorneys, |
| /s/ Nancy L. Hall (JMH)<br>Nancy L. Hall, BBO #561470<br>The Hall Law Office<br>102 State Street, Suite F<br>Newburyport, MA 01950<br>(978) 499-7111 | /s/ Joseph M. Hamilton<br>Joseph M. Hamilton, BBO #546394<br>Elizabeth L. B. Greene, BBO #561456<br>Mirick, O'Connell, DeMallie & Lougee, LLP<br>100 Front Street<br>Worcester, MA 01608-1477<br>(508) 791-8500 |
| Dated:   March 25, 2004 | Dated:   March 25, 2004 |